## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CLARA GIAQUINTO,

      Plaintiff,

      v.

STATE FARM LIFE INSURANCE
COMPANY et al,

      Defendants.

No. 26-cv-01583-WJM-MAH

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant State Farm Life Insurance Company's ("State Farm") Motion to Dismiss, which the Court *sua sponte* converted into a motion for summary judgment due to Defendant's equitable fraud affirmative defense. ECF No. 8 ("Motion"); ECF No. 16 ("Conversion Order"); *see Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (stating that conversion is appropriate when an affirmative defense is not "apparent on the face of the complaint"). The Conversion Order directed the parties to file non-duplicative supplemental materials. *See* ECF No. 19 ("Defendant's Supplemental Brief"); ECF No. 23 ("Plaintiff's Supplemental Brief"). Defendant also filed a Statement of Undisputed Material Facts, to which Plaintiff did not engage. ECF No. 19-1 ("SUMF"); *see* L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."). The parties do not dispute the authenticity of any of the submitted exhibits. Def.'s Suppl. Br. 3; *see* Pl.'s Suppl. Br. 9 (requesting only a sworn certification); ECF No. 19-3, ¶¶ 3, 7 (Defendant's sworn certification). The Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Motion is **GRANTED**.

### I.    BACKGROUND

In early February 2023, Edward Giaquinto ("Decedent") went to his primary care provider for his annual physical. SUMF ¶ 2, 7; ECF No. 11-1 ("Giaquinto Declaration"), at ¶ 11. During that visit, his doctor noted "enlarged lymph nodes" on his neck. SUMF ¶ 8-9; Giaquinto Decl. ¶ 11; ECF No. 8-5 ("5/2/23 Notes"), at SF000240. The Decedent then underwent an ultrasound at a different medical facility. *Id.*; SUMF ¶ 10; Giaquinto Decl. ¶¶ 12-13. Previously, he had undergone an ultrasound in 2019. SUMF ¶ 6; Giaquinto Decl. ¶ 11. Subsequent testing revealed that the enlarged lymph nodes were cancerous, and Mr. Giaquinto passed away about fifteen months later (presumably from cancer). 5/2/23 Notes at SF000240; SUMF ¶¶ 21, 29; ECF No. 1-1 ("Complaint"), ¶ 6.

1

On February 13, 2023, mere days after visiting these medical providers, the Decedent applied for the Policy from State Farm, an Illinois corporation with principal place of business in Illinois. Compl. ¶¶ 2, 4; SUMF ¶ 13; ECF No. 8-2, at SF000351-63 ("Application"); ECF No. 8-6 ("Policy"). That same day, the Decedent emailed an agent for State Farm, stating in response to a question about whether he had "[a]ny health issues or surgeries lately" that he had "[n]one" and that he "just had [his] physical Feb 3, down 30lbs, cholesterol down 6 pts, blood work normal, blood pressure normal, EKG normal." Giaquinto Decl. Ex. A, at 1-2. In a supplemental questionnaire dated one day later, the Decedent answered "no" to Question 4c: "In the last five (5) years, have you for any reason not previously explained . . . [s]een a physician or any member of the medical profession, had surgery, or been treated at a hospital or other medical facility, including emergency treatment?" SUMF ¶¶ 17-19, 24-25; ECF No. 8-2, at SF000364-67 ("Application Supplement"); Policy at SF000013-14 (incorporating the Application and Application Supplement).

After her husband's death, Plaintiff Clara Giaquinto, a resident of New Jersey, made a claim under the Policy as the Decedent's named beneficiary, which State Farm denied because the Decedent failed to disclose evaluation in December 2019 and January 2020 for a mass underneath his chin, as well as the February 2023 ultrasound. Compl. ¶ 1, 3; *id.* Ex. A ("11/11/24 Denial Letter"); SUMF ¶¶ 22, 30-32. After a back-and-forth with Plaintiff's counsel, State Farm acknowledged a couple of misstatements in its original letter, though it maintained the denial. ECF No. 8-4; Compl. Ex. C ("11/19/25 Denial Letter"); SUMF ¶¶ 33-34. State Farm stated that "the denial remains as Mr. Giaquinto did not include information about his history to have further evaluation or testing to determine a diagnosis or that he had sought treatment for the mass under his chin." *Id.* In response, Plaintiff filed suit, alleging breach of contract and other state-law claims. Compl. ¶¶ 9, 16, 22-45.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Davenport v. Borough of Homestead*, 870 F.3d 273, 278 (3d Cir. 2017) (quoting *Dougherty v. Sch. Dist. of Phila.*, 772 F.3d 979, 986 (3d Cir. 2014)). If the defendant "produce[s] enough evidence to support the findings of fact necessary to win on any affirmative defense it raises," the plaintiff must "produce or point to evidence in the record that creates a genuine issue of material fact." *Durkin v. State Farm Mut. Automobile Ins. Co.*, No. 25-1399, 2026 WL 185077, at *1 (3d Cir. Jan. 23, 2026) (citation modified). "Bare assertions, conclusory allegations, or suspicions will not suffice." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

2

## III.    DISCUSSION

As explained below, there is no genuine dispute of material fact that the Decedent failed to disclose his February 2023 medical visits when he applied for life insurance, and therefore Defendant is entitled to judgment as a matter of law on its equitable fraud defense. The Court has jurisdiction under 28 U.S.C. § 1332(a) and applies the substantive law of New Jersey. *Otos Tech Co., Ltd. v. OGK Am., Inc.*, 653 F.3d 310, 312 (3d Cir. 2011).

In New Jersey, equitable fraud requires proof of three elements: "(1) a material misrepresentation of a presently existing or past fact; (2) the maker's intent that the other party rely on it; and (3) detrimental reliance by the other party." *Chance v. McCann*, 966 A.2d 29, 41 (N.J. Super. App. Div. 2009). Unlike with legal fraud, proof of scienter is unnecessary. *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 625 (N.J. 1981). In essence, equitable fraud permits the insurer to "rescind a policy if the insured knowingly misrepresented facts that would have affected the estimate of the risk and the premium charged." *Mass. Mut. Life Ins. Co. v. Manzo*, 584 A.2d 190, 193 (N.J. 1991).

At the outset, there is no genuine issue of material fact as to the last two elements, as the Decedent filled out the Application with the intent that State Farm rely upon it to issue him a policy, which State Farm did. Policy at SF000001 (relying "on the information [the Decedent] provided in [the] Application"); Def.'s Suppl. Br 3. Accordingly, the Court focuses on the first element: whether the Decedent materially misrepresented or concealed any fact in his application for life insurance.

It is a longstanding rule of law that "a life insurance policy will be declared invalid upon the ground of fraud and ordered to be cancelled if it is shown that it has been issued upon misrepresentations of material facts even though innocently made" to the extent those facts are in response to "objective questions in an application for insurance" where "the answers to which [are] within the applicant's knowledge." *Garman v. Metro. Life Ins. Co.*, 175 F.2d 24, 26 (3d Cir. 1949); *see also Ledley v. William Penn Life Ins. Co.*, 651 A.2d 92, 96 (N.J. 1995) (explaining that "[o]bjective questions call for information within the applicant's knowledge," while "subjective questions seek to probe the applicant's state of mind" (citation modified)). For example, questions about whether the applicant has "consulted a physician or has been treated at a hospital" are objective, while questions about "whether the applicant has had a given disease or ailment" are subjective. *Garman*, 175 F.2d at 26. Other examples include whether an insurance applicant had certain diagnostic tests, treatments, or consultations with physicians. *Ledley*, 651 A.2d at 94, 96. As the Supreme Court of New Jersey explained, "When a question is unambiguous and calls for a statement of fact, misrepresentation or concealment is inexcusable." *Id.* at 96.

Here, the Court focuses exclusively on Question 4c, which is objective under the New Jersey Supreme Court's reasoning. As with questions about consulting a physician, *see id.*, there is no ambiguity in a question seeking a yes-or-no answer to whether the Decedent had "[s]een a physician or any member of the medical profession." Appl. Suppl. at SF000365. Contrary to Plaintiff's claim that the language "for any reason not previously explained" is subjective because the Decedent told State Farm's agent that he had his

3

annual physical, Question 4c only asks for information about the *fact* of the visit to the medical provider, not *why* the Decedent had visited the provider. *See Ledley*, 651 A.2d at 96 (noting that "subjective questions seek to probe the applicant's state of mind" (citation modified)); Pl. Suppl. Br. 7-8.

Furthermore, Plaintiff does not contest that Decedent failed to inform State Farm about his enlarged lymph notes, Giaquinto Decl. ¶ 14, and Plaintiff does not challenge State Farm's declarations that the Decedent's failure to do so was material. *See generally* Opp'n; Pl. Supp. Br. Instead, Plaintiff argues unpersuasively that "an ultrasound is not surgery or treatment," *id.* 8, ignoring that there is no genuine issue of material fact that the Decedent had "[s]een" a "member of the medical profession" when receiving an ultrasound. Appl. Suppl. at SF000365; 5/2/23 Notes at SF000240. Because there is no genuine issue of material fact that Decedent concealed from State Farm that he had seen a member of the medical profession when he received an ultrasound, Defendant is entitled to judgment as a matter of law on its equitable fraud affirmative defense.

Additionally, Plaintiff fails to identify any genuine issues of material fact that would preclude summary judgment. Plaintiff's contention that the Decedent did not need to disclose his annual physical is immaterial, as State Farm's denial was based on the Decedent's failure to disclose the fact that he had received the ultrasound and other procedures. 11/19/25 Denial Letter. Indeed, as Plaintiff acknowledges, the Decedent had to go to a separate facility to obtain the ultrasound that his primary care physician recommended, further underscoring how the ultrasound objectively falls within the scope of having "[s]een a physician or *any member of the medical profession*." Appl. Suppl. at SF000365 (emphasis added); Giaquinto Decl. ¶¶ 12-13.

Because Defendant has shown that there is no genuine issue of material fact that the Decedent materially misstated his responses to Question 4c, with knowledge that he had just seen medical providers at a medical facility, Defendant is entitled to summary judgment. The Policy is therefore void, and recission is the appropriate remedy. *See Ledley*, 651 A.2d at 97, 99 (affirming a grant of summary judgment based on equitable fraud and permitting rescission). Defendant shall return the Decedent's premiums (which State Farm has already offered to do, *see* 11/11/24 Denial Letter). As all of Plaintiff's claims arise out of the void Policy, the Complaint is **dismissed** in its entirety.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion is **GRANTED**. An appropriate Order follows.

DATE: July 15, 2026

_____
WILLIAM J. MARTINI, U.S.D.J.

4